144

**Surinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–73496.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2009.*

Filed July 17, 2009.

Hardeep Singh Rai, Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SILVERMAN, CLIFTON and M. SMITH, Circuit Judges.

## MEMORANDUM **

Surinder Singh petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the IJ's credibility findings for substantial evidence, *Gui v.*

*INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and we dismiss the petition in part and deny it in part.

We lack jurisdiction to review the IJ's determination that Singh did not file his asylum application within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(3). Although we have jurisdiction to review questions of law and the application of law to undisputed facts, here the factual issue of Singh's arrival date *is* disputed; therefore we have no jurisdiction and dismiss this portion of the petition. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007).

With respect to the withholding of removal and CAT claims, the IJ's adverse credibility finding was based on substantial evidence. In particular, Singh gave testimony about his alleged interrogation that was inconsistent with his prior declaration, and claimed implausibly that the Indian police continued to pursue him for years after his minor involvement in three political rallies. The IJ thus gave " 'specific, cogent reason[s]' " for his disbelief. *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003) (quoting *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994)); *see also Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

PETITION DISMISSED IN PART AND DENIED IN PART.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.