**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMMED S. SHAMEEM; SHARON
SABINA BEGUM,

                Petitioners,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 09-71852

Agency Nos.  A078-670-558
                 A078-670-559

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Mohammed S. Shameem and Sharon Sabina Begum, natives and citizens of

Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed over seven years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Fiji to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (evidence of changed circumstances must be qualitatively different from what could have been presented at the prior hearing). In light of this conclusion, the BIA did not abuse its discretion in not addressing petitioners' arguments regarding a pattern or practice of persecution of Indo-Fijians and Muslims, or their claims for withholding of removal and relief under the Convention Against Torture.

We reject petitioners' contention that the BIA failed to consider evidence because they have not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We also reject petitioners' contention that the BIA failed to provide a reasoned explanation for its

decision.  *See Najmabadi*, 597 F.3d at 990 ("[t]he [BIA] does not have to write an exegesis on every contention") (internal quotes omitted).

**PETITION FOR REVIEW DENIED.**